# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                        Respondent,<br><br>    v.<br><br>THOMAS A. COLE,<br><br>                        Appellant. | No. 58820-0-II<br><br><br>UNPUBLISHED OPINION |

CHE, J. — Thomas Cole appeals his standard range sentence for failure to register as a sex offender (FTRASO), arguing the trial court abused its discretion by not meaningfully considering an exceptional downward sentence.

Cole committed an offense when he was 13 years old that required him to register as a sex offender. Subsequently, Cole pleaded guilty to his fourth FTRASO conviction. Cole's sentencing was set over due to pending legislation that could impact his offender score. At sentencing, the change in the law was not retroactive, so it did not apply to Cole. Cole argued that the circumstances he faced during the COVID-19 pandemic and his age when he committed his juvenile sex offense were mitigating factors warranting an exceptional downward sentence for the FTRASO. The trial court denied Cole's request and imposed a standard range sentence.

We hold that the trial court did not abuse its discretion when it imposed a standard range sentence.

Accordingly, we affirm.

FACTS

In January 2023, Cole pleaded guilty to FTRASO—third offense. Cole had an offender score of over 9 points resulting in a standard sentencing range of 43-57 months. Cole's criminal history included, among other misdemeanors and felonies, a juvenile sex offense from 2005 that required Cole to register as a sex offender and three adult convictions for FTRASO.

At sentencing, the State asked the trial court to impose a low-end sentence of 43 months and Cole asked for an exceptional downward sentence of 38 days, credit for time served. Cole argued that the circumstances he faced during the COVID-19 pandemic were mitigating factors warranting an exceptional downward sentence. Specifically, Cole stated he was living with 13-15 people in a five-bedroom transitional home and had tested positive for COVID-19. Cole had been told to self-isolate, which he did by leaving the transitional home, but he did not return for more than a month. Cole also mentioned that since 2010, his criminal history has included nothing but FTRASOs.

The trial court set over sentencing due to pending legislation—H.B. 1394—because H.B. 1394 could potentially eliminate Cole's registration requirement and thus invalidate the current FTRASO conviction if it were to apply retroactively. The legislature passed H.B. 1394 but did not make it retroactive.[1]

In April 2023, the matter reconvened for sentencing and both parties agreed H.B. 1394 did not apply retroactively. The State again requested a low-end sentence of 43 months. Cole requested electronic home monitoring—for an amount of time to be determined by the trial

_____

[1] H.B. 1394, in relevant part, modified or eliminated the registration requirements for juvenile sex offenders convicted of qualifying sex offenses going forward, based on their age at the time of the offense. See H.B. 1394, 68 Leg., Reg. Sess. (Wash. 2023).

No. 58820-0-II

court—and substance abuse treatment.  Cole's sentencing memorandum recommended an

exceptional downward sentence of 38 days credit for time served, no additional confinement, and

substance abuse treatment while on community custody.  Defense counsel stated

> What I will say is in [H.B. 1394], is that if my client, who was a minor when he was convicted of the crime -- he was 13 years old when it transpired; he was convicted at 14 -- if a 13-year-old were convicted of this crime today, they would never have to register after [H.B. 1394] formally becomes active.

Rep. of Proc. (RP) at 37.

In denying Cole's request for an exceptional downward sentence, the trial court

expressed

> I don't believe that COVID is a valid justification for an exceptional sentence down because I think to do that would be a disservice to all of those defendants who did successfully register during what everyone agrees were very difficult times, and I just don't think that that is a valid basis for an exceptional sentence down.

> Which leaves me with the last Bill that was a concern of mine at the time, which is -- I think this one is 1394 -- which is that as of November of [2023] registration will change for those offenders who were convicted as a juvenile offender. I don't believe, though, that the fact that that Legislation has been passed is either a valid reason to impose an exceptional sentence down.

> The requirement was to register at the time. It still is to register. He did not register. I know his circumstances were difficult. It was COVID. But I don't believe that I have been presented with sufficient circumstances to warrant an exceptional sentence down.

RP at 45-46.  The trial court imposed a low-end sentence of 43 months to be followed by 36

months of community custody.

Cole appeals.

3

ANALYSIS

Cole argues the trial court abused its discretion by failing to consider his request for an exceptional downward sentence. Specifically, Cole argues the trial court misunderstood the law, believing it did not have grounds or discretion to impose a mitigated sentence. Additionally, Cole argues the trial court erred by not meaningfully considering Cole's youth in committing the original offense that required sex offender registration at the age of 13. We disagree.

A. *Legal Principles*

Standard range sentences "shall not be appealed." RCW 9.94A.585(1). But this prohibition does not prohibit a party's right to challenge the underlying legal conclusions and determinations by which a trial court comes to apply a particular sentencing provision. *State v. Mandefero*, 14 Wn. App. 2d 825, 833, 473 P.3d 1239 (2020). Discretionary sentences within the standard range are reviewable when the trial court has refused to exercise discretion at all or has relied upon impermissible bases for refusing to impose an exceptional sentence below the standard range. *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017). When a party requests the trial court to make a discretionary sentencing decision, the court "must meaningfully consider the request in accordance with the applicable law." *Id.*

We review a trial court's decision to deny an exceptional sentence for an abuse of discretion. *Id.* A trial court errs when "'it refuses categorically to impose an exceptional sentence below the standard range under any circumstances'" or when it operates under the "'mistaken belief that it did not have the discretion to impose a mitigated exceptional sentence for which [a defendant] may have been eligible.'" *Id.* (quoting *State v. Garcia-Martinez*, 88 Wn.

App. 322, 330, 944 P.2d 1104 (1997); *In re Pers. Restraint of Mulholland*, 161 Wn.2d 322, 333, 166 P.3d 677 (2007)).

A trial court may impose a sentence outside the standard sentence range for an offense if it finds that there are substantial and compelling reasons to justify an exceptional sentence. RCW 9.94A.535. The statute provides an illustrative list of mitigating circumstances, but the list is not intended to be the exclusive reasons for an exceptional downward sentence. See RCW 9.94A.535(1). The trial court must find that the mitigating circumstance is established by a preponderance of the evidence before it may impose an exceptional downward sentence. RCW 9.94A.535(1).

When a trial court "has considered the facts and has concluded that there is no basis for an exceptional sentence [it] has exercised its discretion, and the defendant may not appeal that ruling." *Mandefero*, 14 Wn. App. 2d at 833 (quoting *Garcia-Martinez*, 88 Wn. App. at 330).

B. *The Trial Court Exercised Its Sentencing Discretion*

The trial court asked Cole to articulate, on the record, what sufficient mitigating circumstances warranted an exceptional sentence. RP at 42. In response, Cole reiterated the obstacles he faced during the pandemic and further commented

> [G]iven the exceptional circumstances of the times people were living in over the past couple of years for a crime that now the Legislature has decided shouldn't carry with it registration requirements for someone that was 14, for a crime that took place when he was 13, for which there's no victim given. . .
>
> . . . .
>
> And under the totality of the circumstances, the fact that there's been no other crimes in his history for quite some time, with the exception of failure to register, I believe that the standard range is just inappropriate.

RP at 44.

5

After considering Cole's proposed mitigating circumstances, the trial court noted that H.B. 1394 did not apply to Cole and denied Cole's request to impose an exceptional downward sentence, stating

> *I don't believe that COVID is a valid justification for an exceptional sentence down* because I think to do that would be a disservice to all of those defendants who did successfully register during what everyone agrees were very difficult times, and I just don't think that that is a valid basis for an exceptional sentence down.
>
> Which leaves me with the last Bill that was a concern of mine at the time, which is -- I think this one is 1394 -- which is that as of November of this year registration will change for those offenders who were convicted as a juvenile offender. *I don't believe, though, that the fact that that Legislation has been passed is either a valid reason to impose an exceptional sentence down.*
>
> The requirement was to register at the time. It still is to register. He did not register. I know his circumstances were difficult. It was COVID. But *I don't believe that I have been presented with sufficient circumstances to warrant an exceptional sentence down.*

RP at 45-46 (emphasis added).  Cole agreed H.B. 1394 did not apply retroactively.

Here, the trial court did not categorically refuse to impose an exceptional sentence below the standard range under any circumstances nor operate under a mistaken belief that it did not have the discretion to impose a mitigated exceptional sentence that Cole may have been eligible for.  *See McFarland*, 189 Wn.2d at 56.  Moreover, the trial court considered the law and facts presented and concluded that neither H.B. 1394 nor COVID-19 provided a legal or factual basis for an exceptional sentence.  And while RCW 9.94A.535 does not provide an exhaustive list of mitigating circumstances, the trial court did not find that H.B. 1394 nor COVID-19 rose to the level of substantial and compelling reasons justifying imposition of an exceptional downward sentence.  Thus, we hold that the trial court did not abuse its discretion when it imposed a standard range sentence.  *Mandefero*, 14 Wn. App. 2d at 833.

No. 58820-0-II

CONCLUSION

We hold that the trial court did not abuse its discretion when it imposed a standard range sentence.

Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, P.J.

Veljacic, J.

7